UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMMY L. BUNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-00914-AGF |
| ) | |
| MARTIN O'MALLEY,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's application for attorney's fees under 42 U.S.C. § 406(b). Doc. No. 33. Plaintiff is the prevailing party in this action challenging the decision of the Commissioner that Plaintiff is not disabled. Final judgment was entered on June 24, 2021. On August 24, 2021, Plaintiff applied for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Doc. No. 30. On September 29, 2021, the Court granted Plaintiff's application and awarded $5,871.29 in attorney's fees under the Equal Access to Justice Act.

Plaintiff's attorney, Frank T. Koch, now seeks attorney's fees in the amount of $9,634.98 under 42 U.S.C. § 406(b). At the commencement of this case, Plaintiff and her attorney entered into an agreement calling for payment to the attorney of 25% of all past due benefits in the event Plaintiff's claim before this Court was successful. *See* Doc. No.

---

[1] Martin J. O'Malley is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is substituted for Acting Commissioner Kilolo Kijakazi as the Defendant in this suit.

33-1. Plaintiff, as the prevailing party in this action, was found to be entitled to retroactive benefits in the amount of $86,539.90. The agreed-upon attorney's fee of 25% of this award is $21,634.98. On October 25, 2023, the Social Security Administration (the "SSA") provided Plaintiff with a Notice of Award. Doc. No. 33-2. The Notice explained that the SSA was withholding the maximum 25% ($21,634.98) of the fee award in order to pay Plaintiff's attorney, explaining that it would still need to evaluate and approve the attorney's fee award. *Id.* at 3-4. On February 8, 2024, the SSA informed Plaintiff's attorney via an "Authorization to Charge and Collect Fee" that he was authorized to collect a fee in the amount of $12,000. Doc. No. 33-3. The Authorization noted Plaintiff's attorney provided twenty-eight (28) hours of service over a period of more than six and a half years, and the fee was commensurate with the services provided by the attorney. Plaintiff's attorney now seeks the remaining $9,634.98 due under his 25% fee agreement pursuant to 42 U.S.C. § 406(b). Plaintiff's attorney claims that the SSA continues to withhold this remaining fee amount from Plaintiff's retroactive payment.

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a Social Security benefits claimant in court may be awarded "as part of [the] judgment a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002) (citing § 406(b)(1)(A)). The Court must determine whether the request for attorney's fees is reasonable under 42 U.S.C. § 406(b) and in no event may the attorney's fees awarded under 42 U.S.C. § 406(b) exceed 25% of the total of claimant's past due benefits. *Gisbrecht*, 535 U.S. at 807. The Eighth Circuit has considered the following factors relevant to the district

-2-

court's reasonableness inquiry: "the hourly rate, . . . the character of the representation and the results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel." *Jones v. Berryhill*, 600 F. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807-08).

Additionally, in the event the Court awards fees under both the Equal Access to Justice Act and 42 U.S.C. § 406(b), the attorney must refund the smaller of the fee awards to the plaintiff. *See Gisbrecht*, 535 U.S. 796. Plaintiff's attorney acknowledges this requirement and requests that he be ordered to reimburse plaintiff $5,871.29 (the amount previously awarded under the Equal Access to Justice Act), and the Commissioner be ordered to pay Plaintiff's attorney the remaining $9,634.98 under § 406(b).

Here, the Commissioner "neither supports nor opposes counsel's request for attorney's fees in the amount of $9,634.98 under 42 U.S.C. § 406(b)." Doc. No. 35. The Court finds Mr. Koch's attorney fee request to be in accordance with his written contract with Plaintiff, and in compliance with § 406(b)(1)(A) as his fee request does not exceed 25% of the total of the past-due benefits awarded. However, pursuant to § 406(b), the Court must review the fee agreement as an "independent check" to assure the fee yields a reasonable result in this case. *Gisbrecht*, 535 U.S. at 807.

Here, the "character of the representation" was reasonable and lawful. Plaintiff retained Mr. Koch to represent her in the Social Security Appeal. Plaintiff agreed to the 25% contingent-fee payment arrangement when she signed the Fee Agreement. Doc. No. 33-1. The Supreme Court has noted that contingency agreements for the statutory maximum of 25% "are the most common fee arrangement between attorneys and Social

Security claimants." *Gisbrecht*, 535 U.S. at 800. Nothing suggests the agreement in this case was unreasonable when entered. The Court finds it would be unfair to penalize Mr. Koch from receiving the benefit of his bargain with Plaintiff by paying him less than the amount Plaintiff agreed to pay in the Fee Agreement. *Wolynski v. Kijakazi,* No. 4:21-CV-1158 SRW, 2023 WL 6200776, at *3 (E.D. Mo. Sept. 22, 2023).

In evaluating the "result the representative achieved," it is clear that Mr. Koch competently represented Plaintiff an achieved a successful final result for his client. The record in this matter was 819 pages, which counsel thoroughly reviewed in order to present a 22-page brief in support of the Complaint, in addition to a reply brief. *See* Doc. Nos. 12, 19, 27. Mr. Koch's efforts resulted in very successful reward of over $85,000 in past-due benefits for Plaintiff. Further, there is no indication in the record or allegation from the Commissioner that Mr. Koch was responsible for any significant or undue delays.

Lastly, the Court must consider whether the "benefits are large in comparison to the amount of time counsel spent on the case" in order to avoid a windfall. *Gisbrecht*, 535 U.S. at 808. Here, the total § 406(b) fee of $21,634.98 would result in an hourly rate of $810.30 for 26.70 hours of attorney services.[2] This fee amount is not unreasonable for Social Security cases. Indeed, courts in this district have awarded similar, and even higher fees in comparable cases. *See, e.g.*, *Brown v. Kijakazi*, No. 1:21-CV-00066 PLC, 2023 WL 4947824, at *3 (E.D. Mo. Aug. 3, 2023) (approving § 406(b) attorney's fees in the amount of $1,385.16 per hour); *Porterfield v. Kijakazi*, No. 4:20-CV-1443 SRW, 2023 WL

---

[2] The Court notes that Mr. Koch's itemization of hours also includes an additional 2.95 hours of work conducted by Mr. Koch's assistants. The Court did not include these hours in its hourly fee calculation.

5722612, at *5 (E.D. Mo. Sept. 5, 2023) (approving a fee equivalent to an hourly rate of $2,016.27); *Williams v. Kijakazi*, No. 4:22-CV-00358 SPM, 2023 WL 7214047, at *2 (E.D. Mo. Nov. 2, 2023) (approving § 406(b) attorney's fees with an effective rate of $805.08 per hour).  In sum, given the contingent nature of the representation, the work performed, and the results achieved in this particular case, the Court finds that the requested fee is reasonable and does not result in an unearned windfall to counsel.

In light of this finding and given that the Commissioner does not oppose the fees requested, the Court will grant Plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to approve attorney's fees is **GRANTED**.  Doc. No. 33.

**IT IS FURTHER ORDERED** that Plaintiff's attorney, Frank T. Koch, is awarded a total of $21,634.98 in attorney's fees under the Social Security Act, 42 U.S.C. § 406(b). The Social Security Administration has already awarded $12,000 of this fee to Plaintiff's attorney.  Accordingly, the Administration shall remit the remaining $9,634.98 attorney's fees due under § 406(b).

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund Plaintiff the $5,871.29 previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412. Dated this 16th day of April, 2024.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE